UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

AARON MAGALHAES,
on behalf of himself and
all others similarly situated,

          Case No. 20-cv-1333

        Plaintiff,

          **COLLECTIVE AND CLASS
          ACTION COMPLAINT**

      v.

          **PURSUANT TO 29 U.S.C. §216(b)
          AND Fed. R. Civ. P. 23**

PROAMPAC INTERMEDIATE, INC.
12025 Tricon Road
Cincinnati, Ohio 45246

          **JURY TRIAL DEMANDED**

      and

COATING EXCELLENCE INTERNATIONAL, LLC
12025 Tricon Road
Cincinnati, Ohio 45246

        Defendants

---

## COMPLAINT

---

## PRELIMINARY STATEMENT

1.      This is a collective and class action brought pursuant to the Fair Labor Standards

Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis.

Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code

§ DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*. ("WWPCL") and Fed. R.

Civ. P. 23, by Plaintiff, Aaron Magalhaes, on behalf of himself and all other similarly situated

current and former hourly-paid, non-exempt employees of Defendants, ProAmpac Intermediate,

Inc. and Coating Excellence International, LLC, for purposes of obtaining relief under the FLSA

and WWPCL for unpaid overtime compensation, unpaid agreed upon wages, liquidated

damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2. Defendants operated (and continue to operate) an unlawful compensation system that deprived and failed to compensate Plaintiff and all other current and former hourly-paid, non-exempt employees for all hours worked and work performed each workweek, including at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek, by shaving time from Plaintiff's and all other hourly-paid, non-exempt employees' weekly timesheets and/or otherwise failing to compensate said employees for all pre-shift and post-shift hours worked and/or work performed, to the detriment of said employees and to the benefit of Defendants, in violation of the FLSA and WWPCL.

3. Defendants' unlawful compensation policy as applied in practice during the three (3) years immediately preceding the filing of this Complaint was embodied in their written, corporate-wide "Non-Union Employee Handbook," which stated in part:

> As an employee, it is your responsibility to be prompt for work. Tardiness and unexpected absenteeism result in costly delays that reduce overall performance. You are expected to be at your workstation ready to work at your <u>designated starting time</u>. (emphasis in original.)

4. Defendants' unlawful compensation policy as applied in practice during the three (3) years immediately preceding the filing of this Complaint was also embodied in separate portions of their written, corporate-wide "Non-Union Employee Handbook," which informed Plaintiff and all other hourly-paid, non-exempt employees: (1) that they were "tardy," and thus faced discipline, if they were not "at their scheduled assignment and ready to work" by their scheduled shift start times; and (2) that they were "leaving early," and thus faced discipline, if they left "the facility … any time prior to the end of the shift."

5. Defendants' unlawful compensation policy as stated in their written, corporate-wide "Non-Union Employee Handbook" during the three (3) years immediately preceding the filing of this Complaint and as applicable to Plaintiff and all other hourly-paid, non-exempt employees was similarly and uniformly effectuated in practice by Defendants' management personnel, including but not limited to Managers and Supervisors at locations that were owned, operated, and managed by Defendants, including but not limited to at Defendants' Wrightstown, Wisconsin location.

6. Defendants' failure to compensate its hourly paid, non-exempt employees for compensable work performed each workweek, including but not limited to at an overtime rate of pay, in such as fashion as described and detailed herein was intentional, willful, and violated federal law as set forth in the FLSA and state law as set forth in the WWPCL.

## JURISDICTION AND VENUE

7. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

8. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*., because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

9. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendants have substantial and systematic contacts in this District.

## PARTIES

10.     Defendant, ProAmpac Intermediate, Inc., is a Cincinnati, Ohio-based company with a principal office address of 12025 Tricon Road, Cincinnati, Ohio 45246.

11.     Defendant ProAmpac is a global packaging company.

12.     Defendant, Coating Excellence International, LLC, is a Wrightstown, Wisconsin-based company with a principal office address of 12025 Tricon Road, Cincinnati, Ohio 45246.

13.     Defendant Coating Excellence International is a manufacturer of flexible and paper packaging solutions.

14.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant ProAmpac owned, operated, and managed Defendant Coating Excellence International.

15.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants maintained a physical location in Wrightstown, Wisconsin, located at 975 Broadway Street, Wrightstown, Wisconsin 54180.

16.     For purposes of the FLSA, Defendants were an "employer" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

17.     For purposes of the FLSA, Defendants were an "employer" of Plaintiff, and Plaintiff was "employed" by Defendants, as those terms or variations thereof are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

18.     Plaintiff, Aaron Magalhaes, is an adult male resident of the State of Wisconsin residing at 2401 Haas Road, Kaukauna, Wisconsin 54130.

19.     Plaintiff's Notices of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is contemporaneously filed with this Complaint (ECF No. 1).

20. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff worked as an hourly-paid, non-exempt employee in the position of Press Helper at Defendants' Wrightstown, Wisconsin location.

21. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff worked alongside all other hourly-paid, non-exempt employees at Defendants' Wrightstown, Wisconsin location as part of Defendants' manufacturing process.

22. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff primarily performed compensable work at Defendants' Wrightstown, Wisconsin location at Defendants' direction, on Defendants' behalf, for Defendants' benefit, and/or with Defendants' knowledge.

23. Plaintiff brings this action on behalf of himself and all other similarly-situated current and former hourly-paid, non-exempt employees who work at, worked at, and/or were employed by Defendants within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1). Plaintiff performed similar job duties as other current and former hourly-paid, non-exempt employees who work at, worked at, and/or were employed by Defendants, and Plaintiff and all other current and former hourly-paid, non-exempt employees were subject to Defendants' same unlawful compensation policies and practices as enumerated herein.

24. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other current and former hourly-paid, non-exempt employees on whose behalf they bring this Complaint performed compensable work in the same or similarly-titled positions subject to Defendants' same unlawful compensation policies and practices as enumerated herein at Defendants' direction, on Defendants' behalf, for Defendants' benefit,

and/or with Defendants' knowledge at physical locations that were owned, operated, and managed by Defendants.

25.  During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants supervised Plaintiff's day-to-day activities and the day-to-day activities of all other hourly-paid, non-exempt employees.

26.  During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants hired, terminated, promoted, demoted, and suspended Plaintiff and all other hourly-paid, non-exempt employees.

27.  During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants reviewed Plaintiff's work performance and the work performance of all other hourly-paid, non-exempt employees.

28.  During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants established the work rules, policies, and procedures by which Plaintiff and all other hourly-paid, non-exempt employees abided in the workplace.

29.  During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants controlled the terms and conditions of Plaintiff's employment and the employment of all other hourly-paid, non-exempt employees.

30.  During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants established Plaintiff's work schedule and the work schedules of all other hourly-paid, non-exempt employees.

31.  During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants established Plaintiff's and all other hourly-paid, non-exempt employees' hourly rates of pay and means of compensation.

32. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants provided Plaintiff and all other hourly-paid, non-exempt employees with work assignments and hours of work.

33. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's hours of work and the hours of work of all other hourly-paid, non-exempt employees were tracked and recorded by Defendants.

## GENERAL ALLEGATIONS

34. From approximately October 2009 to March 2020, Plaintiff worked as an hourly-paid, non-exempt employee working at Defendants' Wrightstown, Wisconsin location.

35. In approximately July 2020, Defendants re-hired Plaintiff as an hourly-paid, non-exempt employee in the position of Press Helper working at Defendants' Wrightstown, Wisconsin location.

36. Plaintiff is still currently employed by Defendants.

37. During the entirety of Plaintiff's employment with Defendants, Defendants compensated Plaintiff on an hourly basis and/or with an hourly rate of pay.

38. During the entirety of Plaintiff's employment with Defendants, Plaintiff was a non-exempt employee for purposes of the FLSA and WWPCL.

39. On a daily basis during Plaintiff's employment with Defendants, Plaintiff worked alongside other hourly-paid, non-exempt employees as part of Defendants' manufacturing process at Defendants' Wrightstown, Wisconsin location.

40. On a daily basis during Plaintiff's employment with Defendants, Plaintiff performed compensable work at Defendants' direction, on Defendants' behalf, for Defendants'

benefit, and/or with Defendants' knowledge as an hourly-paid, non-exempt employee at Defendants' Wrightstown, Wisconsin location.

41.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees were employed by Defendants in hourly-paid, non-exempt job positions and performed compensable work on Defendants' behalf, with Defendants' knowledge, for Defendants' benefit, and/or at Defendants' direction.

42.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees regularly worked in excess of forty (40) hours per workweek.

43.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants knew or had knowledge that Plaintiff and all other hourly-paid, non-exempt employees frequently worked in excess of forty (40) hours per workweek.

44.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' workweek for FLSA and WWPCL purposes was Sunday through Saturday.

45.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants compensated Plaintiff and all other hourly-paid, non-exempt employees on a bi-weekly basis via check.

46.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all current and former hourly-paid, non-exempt employees were subject to Defendants' same unlawful policy, practice, custom, and/or scheme of shaving time from Plaintiff's and all other hourly-paid, non-exempt employees' weekly timesheets and/or

otherwise failing to compensate said employees for all pre-shift and post-shift hours worked and/or work performed, to the detriment of said employees and to the benefit of Defendants, in violation of the FLSA and WWPCL.

47. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees were subject to Defendants' same pay and timekeeping policies and practices.

48. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants tracked and/or recorded Plaintiff's and all other hourly-paid, non-exempt employees' hours worked each workweek.

49. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants maintained employment records and other documentation regarding Plaintiff and all other hourly-paid, non-exempt employees.

50. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants maintained a centralized system for tracking and/or recording hours worked by Plaintiff and all other hourly-paid, non-exempt employees.

51. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants maintained a centralized system for compensating Plaintiff and all other hourly-paid, non-exempt employees for all remuneration earned, including but not limited to with monetary bonuses, incentives, awards, and/or other rewards and payments.

52. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants maintained a corporate-wide "Non-Union Employee Handbook," which contained the policies, practices, terms, and conditions of Plaintiff's and all other hourly-paid, non-exempt employees' employment.

53.     Defendants' unlawful compensation policy as applied in practice during the three (3) years immediately preceding the filing of this Complaint was embodied in their written, corporate-wide "Non-Union Employee Handbook," which stated in part:

> As an employee, it is your responsibility to be prompt for work. Tardiness and unexpected absenteeism result in costly delays that reduce overall performance. You are expected to be at your workstation ready to work at your <u>designated starting time</u>. (emphasis in original.)

54.     Defendants' unlawful compensation policy as applied in practice during the three (3) years immediately preceding the filing of this Complaint was also embodied in separate portions of their written, corporate-wide "Non-Union Employee Handbook," which informed Plaintiff and all other hourly-paid, non-exempt employees: (1) that they were "tardy," and thus faced discipline, if they were not "at their scheduled assignment and ready to work" by their scheduled shift start times; and (2) that they were "leaving early," and thus faced discipline, if they left "the facility … any time prior to the end of the shift."

55.     Defendants' unlawful compensation policy as stated in their written, corporate-wide "Non-Union Employee Handbook" during the three (3) years immediately preceding the filing of this Complaint was similarly and uniformly effectuated in practice at Defendants' direction, on Defendants' behalf, for Defendants' benefit, and/or with Defendants' knowledge by Defendants' management personnel, including but not limited to Managers and Supervisors at locations that were owned, operated, and managed by Defendants, including but not limited to at Defendants' Wrightstown, Wisconsin location.

**TIMESHAVING**

56.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants maintained the same or similar electronic time-clock system (hereinafter simply "Defendants' electronic timekeeping system") that Plaintiff and all other hourly-paid, non-exempt employees used on a daily basis for timekeeping and/or recordkeeping purposes.

57.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees used Defendants' electronic timekeeping system on a daily basis for timekeeping and/or recordkeeping purposes.

58.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees used Defendants' electronic timekeeping system to "clock in" and to "clock out" of work each day at the beginning and end of their shifts, respectively.

59.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees performed compensable work immediately after "clocking in" via Defendants' electronic timekeeping system at the beginning of their shifts each work day.

60.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees performed compensable work immediately prior to "clocking out" via Defendants' electronic timekeeping system at the end of their shifts each work day.

61.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees used Defendants'

electronic timekeeping system to record hours worked and work performed each work day and each workweek.

62. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other hourly-paid, non-exempt employees' "clock in" and "clock out" times each work day via Defendants' electronic timekeeping system were kept, stored, and/or retained by Defendants.

63. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other hourly-paid, non-exempt employees' "clock in" and "clock out" times each work day via Defendants' electronic timekeeping system recorded, reflected, and represented actual hours worked and work performed each work day and each workweek by Plaintiff and all other hourly-paid, non-exempt employees. However, during the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' pay policies and practices failed to compensate Plaintiff and all other hourly-paid, non-exempt employees for all hours actually worked and/or work performed each work day and each workweek.

64. On each work day during the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendants directed, expected, and/or required Plaintiff and all other hourly-paid, non-exempt employees to arrive to work on Defendants' premises and to "clock in" via Defendants' electronic timekeeping system prior to their scheduled shift start times.

65. On each work day during the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendants directed, expected, and/or required Plaintiff and all other hourly-paid, non-exempt employees to arrive to work on Defendants' premises, to "clock in" via Defendants' electronic timekeeping system, and to be ready to work prior to their scheduled shift start times. For example, as it related to Plaintiff's normal and customary 6:00 p.m. to 6:00 a.m.

scheduled and daily shift time, Defendants' managers and supervisors directed, expected, and/or required Plaintiff and all other hourly-paid, non-exempt employees at the Wrightstown, Wisconsin location to arrive to work, "clock in" via Defendants' electronic timekeeping system, and be ready to work approximately seven (7) minutes prior to the scheduled shift start time of 6:00 a.m.

66. On each work day during the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendants directed, expected, and/or required Plaintiff and all other hourly-paid, non-exempt employees to arrive to work on Defendants' premises, to "clock in" via Defendants' electronic timekeeping system, and to be ready to work prior to their scheduled shift start times in order to perform any pre-shift preparatory activities, such as checking their work assignments for the day, meeting and debriefing with other employees regarding work tasks, instructions, directions, and assignments for the day, and relieving employees from the previous shift.

67. On each work day during the three (3) years immediately preceding the filing of the Complaint (ECF No. 1) and if Plaintiff and all other hourly-paid, non-exempt employees did not arrive to work on Defendants' premises, "clock in" via Defendants' electronic timekeeping system prior to their scheduled shift start times, and were not ready to work prior to their scheduled shift start times, Defendants disciplined Plaintiff and other hourly-paid, non-exempt employees.

68. On each work day during the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees arrived to work on Defendants' premises, "clocked in" via Defendants' electronic timekeeping system prior to their scheduled shift start times, and immediately began performing compensable work at

Defendants' direction, with Defendants' knowledge, on Defendants' behalf, and for Defendants' benefit.

69.     On each work day during the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendants did not compensate Plaintiff and all other hourly-paid, non-exempt employees for any hours worked or work performed prior to their scheduled shift start times as recorded and reflected by the actual "clock in" times via Defendants' electronic timekeeping system.

70.     On each work day during the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendants directed, expected, and/or required Plaintiff and all other hourly-paid, non-exempt employees to perform work on Defendants' premises immediately prior to "clocking out" via Defendants' electronic timekeeping system at the end of their scheduled shift end times.

71.     Often times during the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees performed work on Defendants' premises beyond their scheduled shift end times and immediately prior to "clocking out" via Defendants' electronic timekeeping system.

72.     Often times during the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees performed work on Defendants' premises beyond their scheduled shift end times and immediately prior to "clocking out" via Defendants' electronic timekeeping system at Defendants' direction, with Defendants' knowledge, on Defendants' behalf, and for Defendants' benefit. However, Defendants did not compensate Plaintiff and all other hourly-paid, non-exempt employees for

work performed beyond their scheduled shift end times as recorded and reflected via Defendants' electronic timekeeping system.

73. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1) and even though each work day Plaintiff and all other hourly-paid, non-exempt employees arrived to work on Defendants' premises, "clocked in" via Defendants' electronic timekeeping system prior to their scheduled shift start times, and began performing compensable work, Defendants' policy in practice was not to compensate said employees until their scheduled shift start times – as opposed to when compensable work actually commenced each work day.

74. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1) and even though each work day Plaintiff and all other hourly-paid, non-exempt employees performed work on Defendants' premises immediately prior to "clocking out" via Defendants' electronic timekeeping system after the end their scheduled shift end times, Defendants' policy in practice was not to compensate said employees when compensable work actually ceased each work day – instead, Defendants compensated said employees as of their scheduled shift end times.

75. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants' pay policies and practices applicable to Plaintiff and all other hourly-paid, non-exempt employees was to round said employees' actual hours worked and/or work performed each work day as recorded, reflected, and represented via Defendants' electronic timekeeping system in the following manner: forward to said employees' scheduled shift start times at the beginning of said employees' shifts; and backwards to said employees' scheduled shift end times at the end of said employees' shifts. Such a practice resulted in

Defendants uniformly shaving time from Plaintiff's and all other hourly-paid, non-exempt employees' timesheets each work day and each workweek for pre-shift and post-shift hours worked and/or work performed while "clocked in" via Defendants' electronic timekeeping system.

76.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants shaved time from Plaintiff's and all other hourly-paid, non-exempt employees' timesheets each work day and each workweek for pre-shift and post-shift compensable work performed by failing to compensate Plaintiff and all other hourly-paid, non-exempt employees when compensable work commenced each work day (as recorded, reflected, and represented via Defendants' electronic timekeeping system); instead, Defendants compensated Plaintiff and all other hourly-paid, non-exempt employees based on the rounded times each workweek via its electronic timekeeping system.

77.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants' pay policies and practices failed to compensate Plaintiff and all other hourly-paid, non-exempt employees for work performed each work day as described herein despite Defendants having an actual and accurate record of said employees' pre-shift and post-shift hours worked and/or work performed via their electronic timekeeping system.

78.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' policies in practice failed to compensate Plaintiff and all other hourly-paid, non-exempt employees at the correct and lawful overtime rate of pay for all hours worked and work performed in excess of forty (40) hours in a workweek.

79.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants did not properly and lawfully compensate Plaintiff and all other hourly-paid, non-exempt employees for all hours actually worked and/or work performed each work day and each workweek, including but not limited to at an overtime rate of pay.

80.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' policies in practice unlawfully and impermissibly failed to, on a daily and/or weekly basis, compensate Plaintiff and all other hourly-paid, non-exempt employees when compensable work commenced and ceased each work day.

81.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) and during workweeks when no overtime was due, Defendants suffered or permitted Plaintiff and all other hourly-paid, non-exempt employees to work without being paid appropriate and lawful compensation for all hours worked and/or work performed each work day and each workweek at their regular and/or agreed-upon hourly rates of pay.

82.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants knew and/or were aware that their pay policies and practices failed to compensate Plaintiff and all other hourly-paid, non-exempt employees for all pre-shift and post-shift compensable work performed as described herein at said employees' regular and/or agreed-upon hourly rates of pay and/or at an overtime rate of pay.

83.     Defendants were or should have been aware that their compensation policies in practice failed to compensate Plaintiff and all other hourly-paid, non-exempt employees in the same or similar fashion for all hours worked and/or work performed each work day and each workweek at said employees' regular and/or agreed-upon hourly rates of pay and/or at an overtime rate of pay.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

84.    Plaintiff brings this action on behalf of himself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees include:

> All hourly-paid, non-exempt employees employed by Defendants within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) who have not been compensated for all hours worked in excess of forty (40) hours in a workweek as a result of Defendants' failure to compensate said employees for all pre-shift and post-shift hours worked and/or work performed.

85.    Plaintiff and the FLSA Collective primarily performed non-exempt job duties each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

86.    Plaintiff and the FLSA Collective were compensated on an hourly basis (and not on a salary basis) each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

87.    During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants, as a matter of policy and practice, did not compensate Plaintiff and the FLSA Collective for all pre-shift and post-shift hours worked and/or work performed each work day and each workweek. These practices resulted in Plaintiff and the FLSA Collective being denied overtime compensation by Defendants at the rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in a workweek.

88.    The First Claim for Relief is brought under and maintained as opt-in Collective Actions pursuant to § 216(b) of the FLSA, 29 U.S.C. 216(b), by Plaintiff on behalf of the FLSA Collectives.

89.     The FLSA Collective claims may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

90.     Plaintiff and the FLSA Collective are and have been similarly situated, have and have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The claims of Plaintiff as stated herein are the same as those of the FLSA Collective.

91.     Plaintiff and the FLSA Collective seek relief on a collective basis challenging, among other FLSA violations, Defendants' practice of failing to properly and lawfully compensate employees for all work performed and/or hours worked at the correct and lawful overtime rate of pay each workweek, in violation of the FLSA.

92.     Defendants were or should have been aware that their unlawful practices failed to compensate and deprived Plaintiff and the FLSA Collective of the appropriate and lawful overtime wages and compensation due and owing to them, in violation of the FLSA.

93.     The FLSA Collective is readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective via first class mail to the last address known by Defendants and through posting at Defendants' facility in areas where postings are normally made.

94.     Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the putative FLSA Collective.

## RULE 23 CLASS ALLEGATIONS – WISCONSIN

95.     Plaintiff brings this action on behalf of himself and all other similarly-situated employees pursuant to the WWPCL, under Fed. R. Civ. P. 23.  The similarly situated employees include:

> All hourly-paid, non-exempt employees employed by Defendants within the two (2) years immediately preceding the filing of this Complaint (ECF No. 1) and through the date of final judgment who have not been compensated for all hours worked in a workweek – at a regular rate of pay and/or at an overtime rate of pay – as a result of Defendants' failure to compensate said employees for all pre-shift and post-shift hours worked and/or work performed.

96.     The members of the Wisconsin Class are readily ascertainable. The number and identity of the members of the Wisconsin Class are determinable from the records of Defendants. The job titles, length of employment, and the rates of pay for each member of the Wisconsin Class are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

97.     The proposed Wisconsin Class are so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, upon information and belief, there are over one hundred (100) members of each of the Wisconsin Class.

98.     Plaintiff's claims are typical of those claims which could be alleged by any members of the Wisconsin Class, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Class in separate actions. All of the members of the Wisconsin Class were subject to the same corporate practices of Defendants, as alleged herein.

Defendants' corporate-wide policies and practices affected all members of the Wisconsin Class similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the Wisconsin Class. Plaintiff and other members of the Wisconsin Class sustained similar losses, injuries and damages arising from the same unlawful policies and practices and procedures.

99.     Plaintiff is able to fairly and adequately protect the interests of the Wisconsin Class and has no interests antagonistic to the Wisconsin Class. Plaintiff is represented by counsel who are experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

100.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Wisconsin Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual members of the Wisconsin Classes to redress the wrongs done to them.

101.     Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of

the Wisconsin Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

102. Defendants have violated the WWPCL regarding payment of regular wages and overtime wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

103. There are questions of fact and law common to the Wisconsin Class that predominate over any questions affecting only individual members. The questions of law and fact common to the Wisconsin Class arising from Defendants' actions include, without limitation, the following: (1) Whether the work performed by Plaintiff and the Wisconsin Class is compensable under federal law and/or Wisconsin law; (2) Whether Defendants engaged in a pattern or practice of forcing, coercing, deceiving and/or permitting Plaintiff and the Wisconsin Class to perform work for Defendants' benefit without being properly compensated; (3) Whether Defendants failed to pay Plaintiff and the Wisconsin Class for all work Defendants suffered or permitted them to perform each work day and each workweek; and (4) The nature and extent of class-wide injury and the measure of damages for the injury.

104.    The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

**FIRST CLAIM FOR RELIEF**
**Violations of the FLSA – Unpaid Overtime Wages**
**(Plaintiff on behalf of himself and the FLSA Collective)**

105.    Plaintiff, on behalf of himself and the FLSA Collective, reassert and incorporate by reference all paragraphs set forth above as if restated herein.

106.    At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

107.    At all times material herein, Defendants was an employer of Plaintiff and the FLSA Collective as provided under the FLSA.

108.    At all times material herein, Plaintiff and the FLSA Collective were employees of Defendants as provided under the FLSA.

109.    Plaintiff and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

110.    Defendants violated the FLSA by suffering or permitting Plaintiff and the FLSA Collective to perform work without being properly or lawfully compensated for each hour worked in excess of forty (40) hours each workweek. Specifically, Defendants' unlawful compensation practice failed to compensate FLSA Collective for all pre-shift and post-shift hours worked and/or work performed. By failing to compensate the FLSA Collective in such a fashion as described herein, this unlawful compensation practice denied Plaintiff and the FLSA

Collective overtime premium pay for each hour they worked in excess of forty (40) hours each workweek and for which Defendants are liable pursuant to 29 U.S.C. § 216(b).

111.    The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

112.    Defendants were and are subject to the overtime pay requirements of the FLSA because Defendants are enterprises engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

113.    Defendants' failure to properly compensate Plaintiff and the FLSA Collective and failure to properly record all compensable work time was willfully perpetrated. Defendants have not acted in good faith and with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendants did not act willfully in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

114.    Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

115.    Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## SECOND CLAIM FOR RELIEF
### Violation of the WWPCL – Unpaid Overtime Wages
### (Plaintiff, on behalf of himself and the Wisconsin Class)

116.    Plaintiff, on behalf of himself and the Wisconsin Class, re-allege and incorporate all previous paragraphs as if they were set forth herein.

117.    At all relevant times, Plaintiff and the Wisconsin Class were employees of Defendants within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

118.    At all relevant times, Defendants was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

119.    At all relevant times, Defendants employed, and continue to employ, Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

120.    Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

121.    At all relevant times, Defendants had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class regular wages and overtime compensation.

122.    Throughout the Wisconsin Class Period, Defendants maintained and perpetrated an unlawful compensation practice that failed to compensate Plaintiff and the Wisconsin Class

for all pre-shift and post-shift hours worked and/or work performed each work day and each workweek, resulting in Defendants impermissibly and unlawfully failing to compensate Plaintiff and the Wisconsin Class for any and all hours worked and/or work performed each work day and each workweek at an overtime rate of pay, in violation of the WWPCL.

123.    Defendants willfully failed to pay Plaintiff and the Wisconsin Class overtime premium compensation for all hours worked in excess of forty (40) hours a workweek, in violation of the WWPCL.

124.    As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendants to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

125.    Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendants pursuant to the WWPCL.

## THIRD CLAIM FOR RELIEF
### Violation of the WWPCL – Unpaid Regular Wages / Failure to Pay An Agreed-Upon Wage
### (Plaintiff, on behalf of himself and the Wisconsin Class)

126.    Plaintiff, on behalf of himself and the Wisconsin Class, re-alleges and incorporates all previous paragraphs as if they were set forth herein.

127.    At all relevant times, Plaintiff and the Wisconsin Class were employees of Defendants within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

128.    At all relevant times, Defendants were an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

129.    At all relevant times, Defendants employed, and continue to employ, Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

130.    Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

131.    At all relevant times, Defendants had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class regular wages and overtime compensation.

132.    Throughout the Wisconsin Class Period, the Wisconsin Class was entitled to payments from Defendants at their agreed upon wage, as defined in Wis. Stat. § 109.01(3), for each hour worked, pursuant to Wis. Stat. § 109.03.

133.    Throughout the Wisconsin Class Period, Defendants did not compensate the Wisconsin Class for each and every hour worked each workweek, in accordance with Wis. Admin. Code § DWD 272.

134.    Throughout the Wisconsin Class Period, Defendants maintained and perpetrated an unlawful compensation practice that failed to compensate Plaintiff and the Wisconsin Class for all pre-shift and post-shift hours worked and/or work performed each work day and each workweek, resulting in Defendants impermissibly and unlawfully failing to compensate Plaintiff and the Wisconsin Class for any and all hours worked and/or work performed each work day and each workweek at their regular hourly rate of pay, in violation of the WWPCL.

135.    Defendants willfully failed to pay Plaintiff and the Wisconsin Class compensation for all hours worked that did not exceed forty (40) hours in a workweek, in violation of the WWPCL.

136.    As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendants to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

137.    Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendants pursuant to the WWPCL.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former hourly-paid, non-exempt employees who worked at and/or were employed by Defendants informing them of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendants to take any actions in retaliation of their consent to join this action;

b) At the earliest possible time, issue an Order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23;

c) At the earliest possible time, issue an Order appointing Walcheske & Luzi, LLC as class counsel pursuant to Federal Rules of Civil Procedure 23;

d) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendants' actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations and as willful as defined in the FLSA and Wisconsin Law;

e) Issue an Order directing and requiring Defendants to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt employees damages in the form of reimbursement for unpaid overtime wages and/or regular wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

f) Issue an Order directing and requiring Defendants to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt employees liquidated damages pursuant to the FLSA and WWPCL in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

g) Issue an Order directing Defendants to reimburse Plaintiff and all other similarly-situated hourly-paid, non-exempt employees for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

h) Provide Plaintiff and all other similarly-situated hourly-paid, non-exempt employees with other relief that the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 28th day of August, 2020

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

s/ **_Scott S. Luzi_**
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
235 North Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com
E-Mail: dpotteiger@walcheskeluzi.com