UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

AARON MAGALHAES and
BETH KIMMEL, on behalf of
themselves and all others similarly situated,

      Plaintiffs,                                Case No. 20-cv-1333

      v.

PROAMPAC INTERMEDIATE, INC., *et. al.*

      Defendants

## JOINT MOTION FOR PRELIMINARY SETTLEMENT APPROVAL

Plaintiffs, Aaron Magalhaes and Beth Kimmel, on behalf of themselves and all others similarly-situated, and Defendants, Proampac Intermediate, Inc.[1] and Coating Excellence International, LLC, jointly move this Court for preliminary approval of the settlement in this matter in accordance with the parties' executed settlement agreement, titled "Settlement Agreement & Release," attached hereto as Exhibit 1 (hereinafter simply "Settlement Agreement").

For settlement purposes only, the parties seek certification of a collective under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and certification of a class under Wisconsin's Wage Payment and Collection Laws, WIS. STAT. § 109.01 *et seq.*, WIS. STAT. § 104.01 *et seq.*, WIS. STAT. § 103.001 *et seq.*, Wis. Admin. Code § DWD 274.01 *et seq.*, and WIS. ADMIN. CODE § DWD 272.001 *et seq.* ("WWPCL") and FED. R. CIV. P. 23 ("Rule 23").

---

[1] ProAmpac Holdings Inc. is incorrectly identified in the Complaint by its former name, i.e., "ProAmpac Intermediate, Inc."

The putative FLSA Collective is comprised of Collective Members, defined as individuals within the Settlement Class "who file a signed Opt-In Consent Form within thirty (30) days following service of the Notice Packet and who performed production work for Defendants at the facility in Wrightstown, Wisconsin within the three (3) years preceding the filing of the Complaint in the Lawsuit." (Exhibit 1, ¶¶ 1.2, 1.24.) Likewise, the putative WWPCL Class is comprised of those putative Settlement Class members "who do not submit a request for exclusion to Plaintiffs' Counsel within thirty (30) calendar days following service of the Notice Packet and who performed production work for Defendants at the facility in Wrightstown, Wisconsin, within the two (2) years preceding the filing of the Complaint in the Lawsuit." (Exhibit 1, ¶¶ 1.1, 1.24.)

The parties believe that the Settlement Agreement is fair, reasonable, and adequate because it fully satisfies this Court's criteria for collective and class action settlements. It is fair, reasonable, and adequate as to all putative Settlement Class members, and upon approval, the Notice Packet attached as Exhibit B to the Settlement Agreement will be sent to members of the putative Settlement Class via first-class U.S. Mail.

As such, the parties respectfully request that this Court:

1. Preliminarily approve the Settlement Agreement as fair, reasonable, and adequate;

2. Certify, for settlement purposes only, this case as a collective action under 29 U.S.C. § 216(b) and a class action under FED. R. CIV. P. 23;

3. Appoint Aaron Magalhaes and Beth Kimmel as Class Representatives;

4. Appoint Walcheske & Luzi, LLC as Class Counsel;

5. Approve the Notice Packet and Consent to Join Form in the form set forth in Exhibit B of the Settlement Agreement for distribution to all members of the putative Settlement Class;

6. Find that the Notice Packet to be given constitutes the best notice practicable under the circumstances, including individual notices to all putative Settlement Class members who can be identified with reasonable effort, and constitutes valid, due, and sufficient notice to putative Settlement Class members, in full compliance with

the requirements of applicable law, including the Due Process Clause of the United States Constitution;

7. Direct that each member of the Putative Settlement Classes who wishes to be excluded from the Settlement Class must exclude him or herself no later than thirty (30) calendar days after the mailing of the Notice Packet ("Notice Period"), per the instructions set forth in the Notice Packet and that such exclusion must be received by the dates set forth in the Court's Preliminary Approval Order;

8. Direct that any member of the putative FLSA Collective who wishes to participate in the Settlement and to receive compensation under the terms of this Agreement must submit a Consent to Join Form during the Notice Period.

9. Direct that any member of the putative FLSA Collective who timely submits a Consent to Join Form during the Notice Period and who becomes part of the FLSA Collective will be bound by this Agreement and shall release all FLSA claims in the event the Court issues a Final Order approving the Settlement;

10. Direct that any member of the WWPCL Class who does not exclude himself or herself during the Notice Period per the instructions set forth in the Notice Packet will be bound by this Agreement and shall release all wage-hour claims against Defendants, including WWPCL claims, in the event the Court issues a Final Order approving the Settlement;

11. Schedule a Fairness Hearing approximately seventy-five (75) days after the conclusion of the Notice Period to determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate, and whether the proposed Final Order Approving the Settlement should be entered;

12. Direct that Class Counsel shall file any remaining Motions – including a Motion for Attorneys' Fees and Costs, a Motion for Plaintiffs' Service Payment, and a Motion for Final Settlement Approval – at least twenty-one (21) calendar days prior to the Fairness Hearing and that the Court shall determine at the Fairness Hearing the amount of attorneys' fees, costs and administration-related fees and costs that shall be awarded to Class Counsel; and

13. Direct that any member of the putative Settlement Class who wishes to object to the Motion for Attorneys' Fees and Costs, Motion for Plaintiff's Service Payment, and/or Motion for Final Settlement Approval – file the same at least fourteen (14) calendar days prior to the Fairness Hearing in accordance with the instructions set forth in the Notice Packet.

Dated: July 14, 2022

| | |
|---|---|
| *s/ David M. Potteiger* | *s/ Tony H. McGrath* |
| James A. Walcheske, SBN 1065635 | Tony H. McGrath, SBN 1042806 |
| Scott S. Luzi, SBN 1067405 | |
| David M. Potteiger, SBN 1067009 | |
| WALCHESKE & LUZI, LLC | JACKSON LEWIS P.C. |
| 235 N. Executive Drive, Suite 240 | 22 East Mifflin Street, Suite 800 |
| Brookfield, Wisconsin 53005 | Madison, Wisconsin 53703 |
| Telephone: (262) 780-1953 | Telephone: (608) 807-5274 |
| Email: jwalcheske@walcheskeluzi.com | Email: Tony.McGrath@jacksonlewis.com |
| Email: sluzi@walcheskeluzi.com | |
| Email: dpotteiger@walcheskeluzi.com | |

*Attorneys for Plaintiffs*  *Attorneys for Defendants*