UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

AARON MAGALHAES and
BETH KIMMEL, on behalf of
themselves and all others similarly situated,

      Plaintiffs,

v.

PROAMPAC INTERMEDIATE, INC., *et. al.*

      Defendants

Case No. 20-cv-1333

## JOINT MOTION FOR FINAL SETTLEMENT APPROVAL

Plaintiffs, Aaron Magalhaes and Beth Kimmel, on behalf of themselves and all others similarly situated, and Defendants, Proampac Intermediate, Inc.[1] and Coating Excellence International, LLC, jointly move this Court for final approval of the settlement in this matter in accordance with the parties' fully executed "Settlement Agreement and Release" ("Agreement"). (ECF No. 39-1.)

Accordingly, the parties request that the Court:

1. Certify the WWPCL Class pursuant to FED. R. CIV. P. 23 and the FLSA Collective pursuant to 29 U.S.C. § 216(b);

2. Approve the Agreement as fair, reasonable, and adequate as it applies to the WWPCL Class and FLSA Collective;

3. Appoint Aaron Magalhaes and Beth Kimmel as Class Representatives for the WWPCL Class and FLSA Collective;

4. Appoint Walcheske & Luzi, LLC as counsel for the WWPCL Class and FLSA Collective;

---

[1] ProAmpac Holdings Inc. is incorrectly identified in the Complaint by its former name, i.e., "ProAmpac Intermediate, Inc."

5. Declare the Agreement to be binding on the Parties; and

6. Dismiss with prejudice the WWPCL Class and FLSA Collective members' released claims.

**SETTLEMENT BACKGROUND, NOTICE, AND PARTICIPATION**

On June 14, 2022, the parties filed their Joint Motion for Preliminary Approval of Class Action Settlement and Class Certification for the Purposes of Settlement, (ECF No. 39), and their fully executed "Settlement Agreement and Release." (ECF No. 39-1.)

For settlement purposes only, the parties sought certification of a collective under the FLSA, 29 U.S.C. § 216(b), defined as follows (hereinafter the "FLSA Collective"):

> All hourly-paid, non-exempt employees employed by Defendants at the facility in Wrightstown, Wisconsin in a production capacity, between August 28, 2017 and August 28, 2020, as specifically identified in Exhibit A thereto.

("Collective Members") (*See* ECF No. 39-1 §§ 1.1, 1.24.)

For settlement purposes only, the parties also sought certification of a class under WWPCL, WIS. STAT. § 109.01 *et seq.*, WIS. STAT. § 104.01 *et seq.*, WIS. STAT. § 103.001 *et seq.*, WIS. ADMIN. CODE § DWD 274.01 *et seq.*, and WIS. ADMIN. CODE § DWD 272.001 *et seq.* and Rule 23, defined as follows (hereinafter, the "WWPCL Class"):

> All hourly-paid, non-exempt employees employed by Defendants at the facility in Wrightstown, Wisconsin in a production capacity, between August 28, 2017 and August 28, 2020, as specifically identified in Exhibit A thereto.

("Class Members") (*See* ECF No. 39-1 §§ 1.1, 1.25.)

On July 15, 2022, this Court preliminarily approved the parties' settlement. (ECF No. 41.) Among other things, the Court:

(1) Preliminarily approved the Settlement Agreement as a fair, reasonable, and adequate resolution of a *bona-fide* dispute under the FLSA and the WWPCL;

(2) Appointed, for settlement purposes only, Plaintiffs' Counsel, Walcheske & Luzi, LLC, as Class Counsel for the FLSA Collective and WWPCL Class;

(3) Appointed, for settlement purposes only, Aaron Magalhaes and Beth Kimmel as Class Representatives for the FLSA Collective and WWPCL Class;

(4) Approved the parties' "Notice of Class and Collective Action and Proposed Settlement" sent to members of the Settlement Class in a form that was substantially similar to that which is attached to the Settlement Agreement as Exhibit B;

(5) Approved the distribution method of the "Notice of Class and Collective Action and Proposed Settlement" sent to members of the Settlement Class as the best notice practicable under the circumstances, consistent with due process, and as valid and sufficient notice in accordance with applicable law;

(6) Ordered that members of the WWPCL Class have thirty (30) calendar days after the date of the mailing of the "Notice of Class and Collective Action and Proposed Settlement" to opt-out of the WWPCL Class; and

(7) Ordered that any member of the FLSA Collective who wishes to participate in the Settlement has thirty (30) calendar days after the date of the mailing of the "Notice of Class and Collective Action and Proposed Settlement" to file a Consent to Join Form.

The Court has scheduled a Fairness Hearing for Thursday, November 18, 2022 at 10:00 a.m.

On August 3, 2022, Plaintiffs' counsel sent the "Notice of Class and Collective Action and Proposed Settlement" via U.S. Mail to members of the Settlement Class. (Declaration of David M. Potteiger ("Potteiger Decl."), ¶ 14.) WWPCL Class members had thirty (30) calendar days after August 3, 2022 – or until September 2, 2022 – to opt-out of the WWPCL Class (hereinafter simply, the "WWPCL Notice Period") or opt-in to the FLSA Collective (hereinafter simply, the "FLSA Notice Period"). (*Id.*) By the end of the WWPCL Notice Period, two (2) individuals chose to opt-out of the WWPCL Class. (*Id.*)

In total, there are five hundred and seven (505) individuals who are WWPCL Class members, including Plaintiffs. (*Id.*) There are a total of one hundred and sixty-nine (169) individuals who opted-in to the FLSA collective, including Plaintiffs. (*Id.*) To date, counsel for the

parties have not received any objections to the settlement and are unaware of any opposition to the settlement. (*Id.* at ¶ 15.)

### REMAINING PROCEDURE TO CONCLUDE THIS LITIGATION

Upon final approval of the parties' settlement by this Court, Defendants' counsel will provide Plaintiffs' counsel with settlement checks for the Settlement Class within thirty (30) calendar days of the Court's Order entry. (ECF No. 39-1 § 3.4.) Once Plaintiffs' counsel receives the settlement checks from Defendants' counsel, Plaintiffs' counsel will send the settlement checks to the Settlement Class via U.S. Mail as soon as practicable. (ECF No. 39-1 § 2.3.) Settlement Class members will have one hundred and twenty (120) days from the date of mailing to cash their individual settlement checks (otherwise the individual settlement checks and amounts will revert to and be retained by Defendant). (ECF No. 39-1 § 2.4.)

### ARGUMENT

**I. FINAL SETTLEMENT APPROVAL STANDARD**

A court may approve of the settlement of a Fed. R. Civ. P. 23 class action if: (1) the individual class members are afforded a new opportunity to request exclusion from the settlement; (2) a hearing has been conducted; and (3) the court finds that the settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e). In making this determination, the court "must weigh the probabilities of victory or defeat as indicated by the legal or factual situation presented and determine whether the compromise, taken as a whole, is in the best interests" of the class/collective members. *United Founders Life Ins. Co. v. Consumers National Life Ins. Co.*, 447 F.2d 647, 655 (7th Cir. 1971) (internal quotations omitted).

The Seventh Circuit considers other factors when determining whether a proposed class action settlement is fair, adequate, and reasonable, such as: (a) the strength of the plaintiff's case,

weighed against the settlement offer; (b) the complexity, length, and expense of further litigation; (c) the presence or absence of collusion between the parties; (d) the opinion of competent counsel; (e) the reaction of class members to the proposal; and (f) the stage of proceedings and discovery completed. *Armstrong v. Bd. of Sch. Dirs. of the City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873, 875 (7th Cir. 1998), *aff'd sub nom. California Pub. Employees' Ret. Sys. v. Felzen*, 525 U.S. 315 (1999)). Ultimately, resolution of class action litigation by settlement is favored. *Isby v. Bayh*, 75 F.3d 1191, 1996 (7th Cir. 1996).

## II. FINAL SETTLEMENT APPROVAL IS APPROPRIATE IN THIS CASE

This case involves a *bona fide* dispute over whether Defendants violated the FLSA and the WWPCL as alleged by Plaintiffs, including disputes on liability, class and collective certification, and damages. The ultimate resolution of this matter was reached with arm's length settlement negotiations between counsel for the parties. (Potteiger Decl., ¶¶ 9-13.) During this time, counsel for the parties communicated and engaged in substantive discussions and debates with each other regarding legal authority relevant to Plaintiffs' cause(s) of action and Defendants' defenses, and discussed the monetary and non-monetary terms and conditions of settlement, as well as the timelines, processes, and procedures of settlement. (*Id.*) Those negotiations have resulted in the parties' finalized and fully-executed Agreement. (ECF No. 39-1.)

Throughout the litigation of the case, the parties thoroughly investigated and analyzed both the merits of Plaintiffs' claims against Defendants under the FLSA and the WWPCL and Defendants' potential exposure. (Potteiger Decl., ¶ 10.) While Plaintiffs maintain a strong belief in their position on liability, class and collective treatment, and damages, they also recognize the potential issues on which they would be required to prevail if the case proceeded to trial, including:

establishing that Defendants' electronic timekeeping system was not neutral and deprived employees of compensation for all hours worked and work performed; whether the time in question was *de minimis;* establishing that the WWPCL Class and the FLSA Collective actually are similarly-situated to Plaintiffs for purposes of final certification; proving that Defendants did not act in good faith; and showing that Defendants willfully violated the FLSA for a three-year statute of limitations to apply. Failure to succeed on any of these issues would likely result in material adverse effects on Plaintiffs' claims, if not bar recovery in total. (*Id*. at ¶ 12.)

Considering the number of issues faced, Plaintiffs recognized that the prospect of expeditious resolution outweighed the continued time, effort, expense, and risk of litigation for both parties, including the substantial and almost immediate prospect of additional and continued discovery, depositions, document review and production, and the filing of certification, de-certification, and dispositive motions. (*Id*.)

Further, the time and investment in continued litigation would be substantial. The parties were preparing to embark on significant further discovery immediately before settlement including depositions and engagement of expert witnesses that would have required substantial financial investment from the parties and their counsel before dispositive motions and trial. Moreover, significant pretrial motion practice and trial practice was inevitable. Even if Plaintiffs were to prevail at trial, there is still the prospect that Defendants would appeal any number of the issues mentioned and only further delay any recovery for Plaintiffs.

Ultimately, Plaintiffs' counsel believes that this is an excellent result for Plaintiffs and the Settlement Class. The monetary value for each individual member of the Settlement Class was calculated by an independent third-party audit of Defendants' payroll practices during the statutory period. (*Id*.)

The Parties agree that these overtime amounts constitute a reasonable and adequate recovery of a *bona fide* wage dispute, based upon the Parties' evaluation of Defendants' payroll and time records and the risks of continued litigation. (*Id.*) Beyond this, the Settlement Agreement is structured to maximize payment to participating members of the Settlement Class by automatically issuing payments for individuals who do not exclude themselves from the Rule 23 Class because these payments are made without any requirement to file a claim.

### III. PLAINTIFFS' SERVICE AWARD PAYMENT AND PLAINTIFFS' COUNSEL'S ATTORNEYS' FEES AND COSTS

In anticipation of the Fairness Hearing in this matter and in support of these awards and payments, Plaintiffs' counsel has contemporaneously filed a Motion for Approval of Plaintiffs' Service Award and Petition for Approval of Attorneys' Fees and Costs herewith, and Defendants have agreed not to oppose these motions and further agrees that the amounts requested are fair and reasonable. (ECF No. 29-1 §§ 3.2(A) and 3.3(A).)

### **CONCLUSION**

For all of the reasons above, the parties respectfully request that this Court:

1. Certify the WWPCL Class pursuant to FED. R. CIV. P. 23 and the FLSA Collective pursuant to 29 U.S.C. § 216(b);

2. Approve the Agreement as fair, reasonable, and adequate as it applies to the WWPCL Class and FLSA Collective;

3. Appoint Aaron Magalhaes and Beth Kimmel as Class Representatives for the WWPCL Class and FLSA Collective;

4. Appoint Walcheske & Luzi, LLC as counsel for the WWPCL Class and FLSA Collective;

5. Declare the Agreement to be binding on the Parties;

6. Dismiss with prejudice the WWPCL Class and FLSA Collective members' released claims;

7. Approve the settlement payments to the Settlement Class;

8. Instruct Defendants' counsel to provide Plaintiffs' counsel with settlement checks for the Settlement Class within thirty (30) calendar days of this Order;

9. Instruct Plaintiffs' counsel to send the settlement checks to the Settlement Class via U.S. Mail following receipt of the settlement checks from Defendants' counsel;

10. Instruct that the Settlement Class has one hundred and twenty (120) days from the date of mailing to cash their individual settlement checks, otherwise the individual settlement checks and amounts will revert to and be retained by Defendants;

11. Grant Plaintiffs' unopposed request for approval of his attorneys' fees and case-related costs which the parties have stipulated and agreed are reasonable; and

12. Grant Plaintiffs' unopposed request for approval his service award which the parties have stipulated and agreed is reasonable.

Dated this 28th of October, 2022

| | |
|---|---|
| s/ *David M. Potteiger* | s/ *Tony H. McGrath* |
| James A. Walcheske, SBN 1065635 | Tony H. McGrath, SBN 1042806 |
| Scott S. Luzi, SBN 1067405 | |
| David M. Potteiger, SBN 1067009 | |
| | |
| Walcheske & Luzi LLC | JACKSON LEWIS P.C. |
| 235 North Executive Drive, Suite 240 | 22 E. Mifflin Street, Suite 800 |
| Brookfield, Wisconsin 53005 | Madison, Wisconsin 53703 |
| | |
| Telephone: (262) 780-1953 | (608) 807-5274 |
| | |
| E-mail: jwalcheske@walcheskeluzi.com | E-mail: tony.mcgrath@jacksonlewis.com |
| E-mail: sluzi@walcheskeluzi.com | |
| E-mail: dpotteiger@walcheskeluzi.com | |
| | |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |